Mr. Justice Thacher
delivered the opinion of the court.
Henry Dickinson, vice-chancellor of the northern district, filed his petition in the circuit court of Hinds county for a mandamus upon the auditor of public accounts, to compel said auditor to issue a warrant upon the treasury in favor of said Dickinson for the amount of $3000, which he claimed to be due as his salary. The petition states, that said Dickinson was indebted to the Sinking Fund of the state of Mississippi in a note given by him *582 to said fund, for the sum of $2700, due about the 7th day of January, 1847, and that said auditor refused to issue his said warrant because of the non-payment of said note by said Dickinson. This note was executed in pursuance of a resolution of the legislature on the 23d day of , 1846, directing the auditor of public accounts to issue a warrant to Henry Dickinson for his salary for the previous year, when said Dickinson should make and deliver a note for the sum of $2700, his indebtedness to the sinking fund, to be discharged in the bonds or coupons of the Planters’ Bank of the state of Mississippi. When this note fell due, Dickinson, by his agent, proposed to the state commissioner to pay off and discharge said note in the bonds or coupons of the Planters’ Bank of the state of Mississippi, but said state commissioner refused to accept the proposition, and declined receiving in payment thereof any thing except the bonds or coupons of the state of Mississippi, issued on account of the Planters’ Bank, or legal currency.
The auditor of public accounts admits the principal allegations of the petition, and says that he has declined issuing any warrant to said Dickinson, on account of his indebtedness to the state, to the sinking fund thereof, by the note above described, by virtue of the statute, (H. & H. 371, sec. 9,) which forbids the auditor to issue a warrant in favor of the claim of any person who may be a debtor to the state, or against whom any money 'may be due, or balance existing in favor of the state. He adds, that he had no knowledge of the propositions to settle the note, which passed between the state commissioner and the petitioner, except as informed by them.
On this petition and answer, the circuit court directed a peremptory mandamus upon the auditor to issue a warrant for the entire amount of Dickinson’s salary, regardless of the nonpayment of Dickinson’s note. From this judgment of the circuit court the auditor appeals.
The first question which presents itself is, whether or not Dickinson was a debtor to the state at the time the auditor refused to issue his warrant upon the treasury for the amount of his salary. This court has repeatedly decided that the sinking *583 fund was the property of the staté of Mississippi, specifically set apart to be managed by the officers of the state, appointed for that purpose, as trustees, for the ultimate redemption of the bonds' of the state, issued on account of the Planters’ Bank, and the coupons of interest accruing thereon. Comm’rs Sinking Fund v. Walker, 6 How. 143; Cohea v. The Same, 7 S. & M. 437; S. P. at this term of the court. [Young v. Hughes, ante, 93.] Dickinson admits himself to be indebted to the sinking fund in the sum of $2700, with interest, from the maturity of his note, a sum about equal to the amount of salary which he claims, which amount has accrued to him since the making of the note. An indebtedness to the sinking fund is, therefore, an indebtedness to the state of Mississippi, the latter being the sole owner of that fund, and the state commissioner a mere trustee for its management and collection. This point being settled, and the auditor being informed that said Dickinson was so indebted to the state, his duty is plainly set set forth by the statute, (H. & H. 271, sec. 9.) which forbids the auditor from issuing a warrant in favor of any person, his agent or assignee, who may be a debtor to the state, or against whom any money may be due, or balance existing in favor of the state. This is clearly a statute of set-off, whereby the state is enabled, like a private citizen, to set off her own claims against the claims of individuals upon her. The auditor is authorized by the statute to assert the rights of the state, and if in so doing any person conceives himself aggrieved, such person may file his bill against the state in the chancery court where the accounts in controversy may be fully and fairly decreed upon.
But it is further insisted, that the proposition of Dickinson to pay his note in Planters’ Bank bonds was a lawful tender in discharge of his note. He admits in his petition that he did not propose to pay off and discharge the said note in the bonds and coupons of the state of Mississippi, issued for and op account of the Planters’ Bank, which were the bonds and coupons demanded by the state commissioner. The resolution of the legislature, under which Dickinson’s note was executed, provides, that said note may be discharged in the bonds or coupons of the Planters’ *584 Bank of the state of Mississippi. This resolutions bears date the 23d 1846. During the same session, the legislature passed an act, authorizing the commissioner of the sinking fund, who is the state commissioner, to receive in payment of debts due said fund from the debtors thereof, bonds of the state of Mississippi issued on account of the Planters’ Bank, and coupons of interest ther.eon. Dickinson’s note is made payable to the commissioner of the sinking fund; that commissioner is only authorized to receive in payment state bonds, issued on account of the Planters’ Bank. We must regard this latter statute as giving the true interpretation of the meaning of the legislature, when they authorized Dickinson’s note to be discharged in the Planters’ Bank bonds of the state of Mississippi. This construction is further sustained by a review of all the legislation in regard to the state bonds, issued on account of the Planters’ Bank, and to the sinking fund, which was established for the sole purpose of redeeming those bonds with the interest thereon.
The judgment of the circuit court is therefore reversed, the mandamus directed to be discharged, and the petition to be dismissed.